UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY INC., § | | |
| Plaintiff, § | Case No. 3:21-cv-00369-B | |
| § | | |
| v. § | | |
| § | JURY DEMAND | |
| DUNG THAN VU and LOAN § | | |
| NGUYEN, § | | |
| Defendants. § | | |

**DEFENDANTS' BRIEF AND OPPOSITION TO PLAINTIFF MARY KAY INC.'S MOTION TO DISMISS**

**NOW COME DUNG THAN VU and LOAN NGUYEN,** Defendants in the above-styled cause, to respond to Plaintiff/Counter Defendant Mary Kay's *Motion to Dismiss Counterclaims* (Doc. 14, "Motion"), and show cause why Plaintiff's Motion should be denied.

SUMMARIZING: Plaintiff asserts in its Motion that Defendants' counterclaims should be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Defendants herein will show that, contrary to Plaintiff's arguments, Defendants have standing to bring their antitrust claim; pleaded all necessary facts establishing the elements of their antitrust claim, and should be granted their request for permanent injunction.

## I. Legal Background.

1. A motion to dismiss, under Rule 12(b)(6), is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) [citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)]. A Rule 12(b)(6) motion to dismiss argues that –irrespective of jurisdiction – the complaint fails to assert facts, that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim, in a complaint, include "a short and plain statement . . . showing that the pleader is entitled to relief." Rule 8(a)(2). The claims must include enough factual allegations, "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter (accepted as true) to, 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570).

2. In considering a motion to dismiss pursuant to Rule 12(b)(6) the Court must accept as true all well-pleaded facts, contained in the plaintiff's complaint, and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

3.     In *Iqbal*, the Supreme Court established a two-step approach for assessing sufficiency of complaints, in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert,* 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation, "will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II.   Defendants have standing to bring their antitrust claim.

4.     Plaintiff claims that Defendants' antitrust claim should be dismissed because Defendants have not alleged an antitrust injury that could give them standing to bring their antitrust counterclaims.

5.     Plaintiff delves into an analysis of *inter*brand versus *intra*brand competition, in an attempt to show that an antitrust claimant really requires interbrand competition for standing, which is not the case here.

6.     But as Plaintiff states, according to the Court in *Paycom Billing Servs. v. MasterCard Int'l, Inc.*, 467 F.3d 283, 292, n.8 (2d. Cir. 2006), a reduction in intrabrand competition can be sufficient to state an antitrust injury when the

injured party shows that intrabrand competition was a critical source of competitive pressure.

7. Plaintiff claims that Defendants, "allege only the speculative lessening of intrabrand competition", and therefore do not have antitrust standing, but this is simply untrue. Motion at 7.

8. In *Graphic Products Distributors, Inc. v. ITEK Corp.*, the 11th Circuit held that, "Clearly, complete elimination of intrabrand competition differs qualitatively from merely lessening it, if intrabrand competition is of proven importance to consumer welfare, in the circumstances of the case under consideration." *Graphic Products Distributors, Inc. v. ITEK Corp.*, 717 F.2d 1560, 1574 (11th Cir. 1983).

9. Here, Defendants have not alleged a speculative lessening of competition, but a complete elimination of it. For example, Defendants explain in their Answer that Mary Kay maintains a practice of "bringing suit against any individual who resells Mary Kay product", in an attempt to "employ the judicial system to continue the charade by browbeating anyone who dares to resell product . . . ." Answer at ¶¶ 189, 206. Defendants also state, in multiple paragraphs, that Mary Kay is abusing the judicial system, and misusing trademark law, based in part on those cohesion contracts – which Mary Kay asserts include lifetime duties – all of which empower Mary Kay to file suits, such as the present one.

10. As Defendants have successfully alleged – Mary Kay seeks complete elimination of intrabrand competition; therefore they do not suffer from lack of standing to bring an antitrust claim, and such claim should not be dismissed.

### III. Defendants have pleaded all facts establishing their antitrust claim.

11. Plaintiff next asserts that Defendants failed to plead all necessary elements of an antitrust claim. Defendants will herein show that this is not the case:

**a. Defendants pleaded facts establishing the identification of a relevant product and geographic market.**

12. Plaintiff argues that Defendants, "do not mention any product market or geographic market—let alone a relevant one—that Defendants assert Mary Kay is monopolizing or attempting to monopolize." Motion at 8.

13. To support its position, Plaintiff cites to *PSKS, Inc. v. Leegin Creative Leather Products, Inc.*, 615 F.3d 412, 418 (5th Cir. 2010), where the 5th Circuit held that an antitrust claimant must define its proposed relevant market.

14. But, Defendants have done just that in their Answer, when they define the market as the online retail market for cosmetic products in the United States. *See* Answer at ¶¶ 9, 34, 35, 54, 178, 190.

15. Additionally, the Supreme Court has noted that "[i]llegal monopolies under § 2 [of the Sherman Act] may well exist over limited products in narrow fields where competition is eliminated." *United States v. E.Ei. du Pont de Nemours & Co.*, 351 U.S. 377, 395 (1956).

16. Considering that Defendants have not failed to meet the burden of market definition, under the Sherman Act, Defendants' antitrust claim should not be dismissed.

### b. Defendants pleaded facts showing predatory and exclusionary conduct.

17. Plaintiff then claim Defendants have, "failed to identify any actions by Mary Kay that could be construed as predatory or exclusionary conduct." Motion at 9.

18. As this Court can see, upon a cursory examination of Defendants' Answer, Plaintiff is once again mistaken. Defendants allege numerous acts of predatory and exclusionary conduct, throughout their Answer. These allegations are strewn throughout the entirety of Defendants' Answer; the following is a small sampling form just one section: "Mary Kay's policies are designed to sheer its own consultants in this pyramid scheme while claiming to protect consumers, but with this suit and others like it, Mary Kay seeks to employ the judicial system to continue the charade by browbeating anyone who dares to resell product sold to them from the unfortunate souls who were once sucked into promises made by Mary Kay recruiters"; "Mary Kay seeks to abuse the trademark system [by] making spurious claims of infringement when none exists"; and, "Mary Kay's actions in this regard are an attempt to steal the value of ex-consultant inventory and maintain an iron grasp on all downstream commerce of its products . . . ." Answer at ¶¶ 189, 194, 195.

19. Regarding Plaintiff's reference to the Noerr-Pennington Doctrine, Defendants incorporate paragraph 208 of their Answer, made in anticipation of Plaintiff's argument: "Counter-Plaintiffs expect that Mary Kay will respond to these counter-claims by reference to the Noerr-Pennington Doctrine, but Counter-Plaintiffs herein assert that Mary Kay's suits are objectively baseless under the Supreme Court's established test for 'sham' litigation, as the Counter-Plaintiffs can prove that Mary Kay's trademark claims are 'objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits', and Counter-Defendant has stated its subjective intent to use the litigation to interfere directly with the business relationships of a competitor.'" Answer at ¶ 208.

### c. Defendants pleaded facts establishing a specific intent to monopolize.

20. Plaintiff claims that Defendants failed to plead facts establishing that Plaintiff acted with intent to monopolize, but as Defendants have previously stated herein, Defendants Answer that the market in question is the online retail market for cosmetic products in the United States. *See* Answer at ¶¶ 9, 34, 35, 54, 178, 190. Defendants also include a plethora of facts related to Plaintiff's market power, and its desire to destroy competition, as described in Section III.b. of this response.

21. As such, Defendants have not failed to establish that Plaintiff intends to monopolize – and has a dangerous probability of succeeding – and Defendants' counterclaims should therefore not be dismissed.

22. Additionally, Plaintiff asserts in a footnote on page 11 of its Motion that, "By filing an answer to Mary Kay's complaint rather than seeking to dismiss it, Defendants appear to tacitly admit that this suit is not objectively baseless, and should voluntarily dismiss their Antitrust Counterclaims." This assertion is plainly erroneous, as Defendants are currently seeking dismissal of Mary Kay's Complaint, as can be seen in Defendants' Rule 12b2 Motion to Dismiss (Doc. 16).

### IV. Defendants' Request for Permanent Injunction should not be dismissed.

23. Finally, Plaintiff claims the Court should dismiss Defendants' request for permanent injunction if the antitrust counterclaim is dismissed. But, as Defendants have herein shown that there are no grounds for dismissal of their antitrust counterclaim, Defendants' request for permanent injunction should survive as well.

### V. Alternative motion to allow Defendants to replead.

24. As discussed in Rule 12(h)(1)(B)(ii), if this Court should determine that Defendants have failed to clearly answer in such a way that their counterclaims should be dismissed as they are, Defendants ask that they be allowed two weeks to replead, and clarify their counterclaims, based on Rule 15(a)(2).

### VI. Summary.

25. Contrary to Plaintiff's arguments, Defendants have standing to bring their antitrust claim; pleaded all necessary facts, establishing the elements of their antitrust claim; and should be granted their request for permanent injunction.

26. Though Defendants would assert that their Answer is sufficient – and counterclaims are sufficiently pled to give notice – they are willing and able to replead, if the Court believes their verbiage does not meet the standard; and, ask for such opportunity, asserting that the Court should freely give leave, for such, when justice so requires.

## VII.   PRAYER

Defendant asks this honorable Court to deny Mary Kay's Motion, or in the alternative, provide two weeks for Defendant to amend his pleading, and further request all such other relief, as he may be entitled.

Respectfully submitted,

By: /s/Warren V. Norred
Warren Norred, Texas Bar No. 24045094
wnorred@norredlaw.com
NORRED LAW, PLLC
515 E. Border St., Arlington, TX 76010
Tel. (817) 704-3984, Fax. (817) 524-6686
Attorney for Defendant

**CERTIFICATE OF SERVICE** - I certify that on April 25, 2021, a true and correct copy of Defendants' Response to Plaintiff's Motion to Dismiss was served by the Court's ECF system to all counsel of record.

By:/s/ Warren V. Norred
Warren V. Norred