

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MARY KAY INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO: 3:21-cv-00369-B |
| | § | |
| DUNG THAN VU and LOAN NGUYEN, | § | Judge Jane J. Boyle |
| | § | |
| Defendants. | § | |
| | § | |

**STIPULATED FINAL JUDGMENT**
**AND PERMANENT INJUNCTION**

Plaintiff Mary Kay Inc. ("Mary Kay") and Defendants Dung Than Vu and Loan Nguyen (collectively, "Defendants") (together with Mary Kay, "the Parties") have stipulated and agreed to entry of this Final Judgment and Permanent Injunction pursuant to the Conditional Settlement and Release Agreement ("Settlement Agreement") entered into by the Parties. The Parties have approved the substance and form of this Stipulated Final Judgment and Permanent Injunction. Based on the pleadings, the Parties' Settlement Agreement, and the factual, legal and/or other findings below and for other good cause,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Court has jurisdiction of the subject matter of this action and personal jurisdiction over Defendants.

2.      Venue is proper in this Court.

3.      The injunctive relief provisions of this Final Judgment and Permanent Injunction shall apply to Defendants as well as Defendants' agents, owners, servants, employees, and those persons or entities in active concert or participation with Defendants.

4.      Mary Kay has valid and subsisting trademarks for MARY KAY® (U.S. Trademark Registration Nos. 817516, 1070841, 1545983, 1842599, 2542184, 2559020, 3470956), as well as a number of other federally registered trademarks (collectively, the "Mary Kay Trademarks").

5.      Defendants, and anyone acting on Defendants' behalf or at Defendants' direction, are hereby permanently restrained and enjoined from:

(a)   advertising, selling, or facilitating the advertisement or sale, through **any medium** (including all Internet and non-Internet channels), of any goods or products bearing any of the Mary Kay Trademarks, including through **any storefront** on www.ebay.com ("eBay") and including, but not limited to the eBay storefront that has been known as "lunakitty843" (with the associated "eBay store" called "Beautyriffic Corner");

(b)   using the Mary Kay Trademarks in any manner, including advertising on the Internet;

(c)   importing, exporting, manufacturing, producing, distributing, circulating, shipping, selling, offering to sell, advertising, promoting, or displaying **any goods or products** bearing any of the Mary Kay Trademarks; and

(d)   purchasing or acquiring any products bearing any of the Mary Kay Trademarks for the purpose of resale.

6.      Defendants shall:

(a)   Take all reasonable steps sufficient to monitor and ensure that all persons within their control or employment (whether independent contractors, employees, agents, partners, or otherwise) comply with this Order, including but not limited

to by providing a copy of this Order to any person within their control or employment and requiring that such persons adhere to its terms;

(b) Take all reasonable steps sufficient to monitor and ensure that all persons authorized to act on their behalf, including all officers and principals, comply with this Order; and

(c) Take all reasonable corrective action with respect to any individual whom Defendants determine is not in compliance with the terms of this Order, which may include training, disciplining, and/or terminating such individual, and notifying Mary Kay in writing of the underlying conduct.

7.  Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order is binding upon the following persons who receive actual notice of it: Defendants, Defendants' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendants.

8.  This Court shall retain jurisdiction of this matter in law and in equity for the purpose of enforcing and/or adjudicating claims in violation of this Final Judgment and Permanent Injunction. Any such matters shall be raised by noticed motion. The Court shall also retain jurisdiction to award Mary Kay amounts for costs, attorneys' fees and such other relief as may be just and proper arising by reason of any future claim of violation of this Stipulated Permanent Injunction by Defendants.

9.  Mary Kay's claims against Defendants are dismissed with prejudice, and Defendants' counterclaims against Mary Kay are dismissed with prejudice.

10.  Mary Kay and Defendants shall bear their own costs, expenses, and attorneys' fees.

**IT IS SO ORDERED.**

**SIGNED** and **ENTERED** this _8th_ day of _June_ 2021.

Jane J. Boyle
United States District Judge

AGREED AS TO FORM AND SUBSTANCE:

_/s/ Kent A. Britt_
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Ave., Suite 2700
Dallas, Texas 75201
(214) 981-3800 – Telephone
(214) 981-3829 – Facsimile

Kent A. Britt
Ohio Bar No. 0068182
kabritt@vorys.com
**VORYS, SATER, SEYMOUR AND PEASE LLP**
301 E 4th Street, Suite 3500
Cincinnati, Ohio 45202
513-723-4488 – Telephone
513-852-7618 – Facsimile

**ATTORNEYS FOR PLAINTIFF MARY KAY INC.**

_/s/ Warren V. Norred_
Warren V. Norred
Texas Bar No. 24045094
wnorred@norredlaw.com
**NORRED LAW, PLLC**
515 E. Border St.
Arlington, Texas 76010
817-704-3984 – Telephone
817-524-6686 – Facsimile

4

**ATTORNEY FOR DEFENDANTS**
**DUNG THAN VU AND LOAN NGUYEN**